## No. 812.

### L. GREVENBERG v. D. BOREL.

It is not proving title to lands by parol, when the sole object of the testimony is to prove where wood was cut, whether on the plaintiff's or defendant's lands, and such testimony should have been received in this case.

The verdict and judgment in favor of defendant is erroneous. The plaintiff having failed to make out his suit, the evidence only justified a non-suit.

APPEAL from the Third Judicial District Court, parish of Iberia. Train, J. Jury trial. J. A. Breaux, for plaintiff and appellant. Perry & Delahoussaye, for defendant and appellee.

LUDELING, C. J. This is a suit for damages resulting from an alleged trespass upon the lands of the plaintiff. There was a verdict of the jury and judgment in favor of the defendant, and the plaintiff has appealed.

Several bills of exceptions were taken on the trial; but the view we have taken of this case renders it necessary to notice only one of them, to wit: that taken to the ruling of the judge rejecting a part of the testimony of Druilhet, taken by commission, in another suit, but which the parties to this suit agreed might be used as if taken in this case, subject to all legal objections to the substance of the evidence.

The reason for rejecting the testimony was, that the word "defendant," in the testimony, referred to the defendant in the suit in which the testimony was taken. Conceding this to be true, that was no reason for rejecting the testimony.

The further reason, that it was proving title to lands by parol, was also erroneous.

The sole object of the testimony was to prove where the wood was cut, whether on the plaintiff's or defendant's lands, and it should have been received.

The verdict and judgment, in favor of the defendant, are clearly erroneous; for, if the plaintiff failed to make out his case, the evidence only justified a judgment of non-suit.

But the testimony of Druilhet is to the effect that forty cords of wood were cut by defendant on plaintiff's lands; and if the evidence had been before the jury, it is probable the verdict would have been different.

We think, however, that the ends of justice will be subserved by remanding the case to be tried *de novo.* We deem it proper to state that the only questions to be decided in this case are: whether or not the wood was cut upon the plaintiff's lands? and what was the value of the wood before it was cut?

It is, therefore, ordered and adjudged that the judgment of the lower court be reversed; that the verdict of the jury be set aside; and that the case be remanded to be tried in conformity to the views above expressed. It is further ordered, that the appellee pay costs of this appeal.